## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| **In re:** | |
| **Gerard M. and Kathleen D. Costello** | **Chapter 7 Case** |
| **Debtors.** | **# 03-11517** |

| | |
|---|---|
| **Gerard M. and Kathleen D. Costello** | |
| **Plaintiffs,** | |
| v. | **Adversary Proceeding** |
| **Todd Enright, Middlebury Equity Partners, LLC,** | **# 04-1016** |
| **RJB Investments, LLC, Middlebury Venture Partners, Inc.,** | |
| **BTS Capital Advisors, Inc., and Wachovia Bank, NA,** | |
| **Defendants.** | |

| | | |
|---|---|---|
| *Appearances:* | *Christopher O'C. Reis, Esq.* | *David N. Dunn, Esq.* |
| | *Randolph, VT* | *Brattleboro, VT* |
| | *Attorney for Debtors/Plaintiffs* | *Attorney for Defendant/Movant* |

### MEMORANDUM OF DECISION
### GRANTING SUMMARY JUDGMENT TO WACHOVIA BANK, NA
### AND DISMISSING COMPLAINT AGAINST WACHOVIA BANK, NA

Defendant Wachovia Bank, NA ("Wachovia") moves for summary judgment, seeking dismissal of the complaint against it on all counts.[1] The Plaintiffs do not dispute that counts 2, 3, 4, 5, and 7 in the Plaintiffs' Amended Complaint do not interpose any allegations against Wachovia, see page 2 of Opposition to Motion for Summary Judgment (doc #29). The Court has considered the Debtors' arguments for maintaining Wachovia as a defendant therein and rejects them. Therefore, Wachovia's motion for summary judgment is granted as to counts 2, 3, 4, 5, and 7, and those aspects of the Amended Complaint are dismissed as to Defendant Wachovia.

Wachovia seeks summary judgment on the remaining counts of the Amended Complaint, namely counts 1 and 6, on two grounds: (1) that the Plaintiffs are collaterally or judicially estopped from contending that the Wachovia note is void or unenforceable; and (2) that the Plaintiffs have affirmatively waived their right to contend that the note is void or unenforceable and have released that claim.

---

[1] Wachovia seeks summary judgment in its capacity as Trustee f/k/a First Union National Bank for Bayview Series 2002-D.

This Court has jurisdiction over Wachovia's motion for summary judgment pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (K) and 1334.

## BACKGROUND FACTS

The parties appear to agree that there is no genuine dispute as to any material fact; they stipulate to the following material facts. See Stipulated Facts (doc. #27). On or about November 1, 2000, the Plaintiffs executed a promissory note in the initial principal amount of $650,000 (the "Note") and a related mortgage (the "Mortgage") to the order of BTS Capital Advisors, Inc. ("BTS"). The Mortgage, which was recorded in the land records of the Town of Dover on November 16, 2001, in Book 194, Page 594, purports to create a lien on certain property located on Handle Road in West Dover, Vermont owned of record by the Plaintiffs (the "Handle Road Property"). On or about November 1, 2000, BTS assigned the Note and Mortgage to Wachovia as recorded in the Town of Dover on September 13, 2002, in Book 205, Page 665. BTS is an "affiliated entity," as defined in the Amended Complaint, of Todd Enright. BTS is not currently a licensed lender in the State of Vermont and was not licensed as of November 1, 2000. Todd Enright is not a director, officer, or employee of Wachovia.

In October 2002, Wachovia initiated an action against the Plaintiffs on the Note and to foreclose the Mortgage in Windham Superior Court (the "Foreclosure Action"). On or about December 18, 2002, the Windham Superior Court issued a judgment order and decree of foreclosure and a clerk's accounting as of December 16, 2002, in the Foreclosure Action (the "Foreclosure Action Judgment"). The Foreclosure Action Judgment set June 18, 2003, as the redemption date for the Plaintiffs. On or about December 16, 2002, the Plaintiffs entered into a forbearance agreement with respect to the Note and Mortgage. In April 2003, Wachovia's attorney filed a motion to have the Foreclosure Action Judgment vacated since the underlying arrearage had been paid under the forbearance agreement. The Windham Superior Court granted the motion to vacate in April 2003. Plaintiffs filed for Chapter 11 relief on October 11, 2003 (the "Petition Date").

Five months after the Petition Date, the Plaintiffs filed the instant adversary proceeding, seeking a judgment that the Note and Mortgage are void under Vermont law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56©); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); See also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material.

Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. Id. Furthermore, materiality is determined by assessing whether the fact in dispute, if proven, would satisfy a legal element under the theory alleged or otherwise affect the outcome of the case. Id. In making its determination as to whether summary judgment is proper, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Anderson, 477 U.S. at 249; see also Delaware & Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).

## DISCUSSION

### I. THE DOCTRINE OF *RES JUDICATA* PRECLUDES THE PLAINTIFFS' ASSERTED CLAIMS.

#### A. APPLICABLE STANDARDS

Wachovia argues that the entry of the Foreclosure Action Judgment bars the Plaintiffs from asserting that the Note and Mortgage are void, invoking principles of *res judicata* and collateral estoppel. In response, the Plaintiffs assert that the Windham Superior Court's granting of the motion to vacate the Foreclosure Action Judgment precludes the application of *res judicata* or collateral estoppel principles, because no final judgment exists. The Court agrees that the fundamental legal issue presented is whether the Foreclosure Action Judgment, which was entered in favor of Wachovia and was subsequently vacated after the parties executed a forbearance agreement, retains its preclusive effect as to those claims and issues that underlay the judgment. The Court holds that it does and, in so finding, relies upon both Second Circuit and Vermont law.

Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Stone v. Williams, 970 F.2d at 1054 (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982)). Accord Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)).

The doctrine of *res judicata*, also called claim preclusion, "bars litigation of claims or causes of action which were or might properly have been litigated in a previous action." Agway, Inc. v. Gray, 167 Vt. 313, 316 (1997) (internal citations omitted); see also, Berlin Convalescent Ctr. v. Stoneman, 159 Vt. 53, 56 (1992) (quoting Berisha v. Hardy, 144 Vt. 136, 138 (1984)). The doctrine does not require that the claims were actually litigated in the prior proceeding; rather, it applies to claims that were or could have been litigated in the prior proceeding. See Lamb v. Geovjian, 165 Vt. 375, 380 (1996). Of particular importance here, *res judicata* applies to both affirmative defenses that could have been raised before, see id. at 381, and compulsory counterclaims that should have been raised before, but not to permissive counterclaims. Cold Springs Farm Dev., Inc. v. Ball, 163 Vt. 466, 473 (1995).

The doctrine of collateral estoppel, also called issue preclusion, is similar to *res judicata* in effect, but more narrow in scope. Berlin Convalescent Ctr., 159 Vt. at 56. It bars the relitigation of an issue, rather than a claim that was actually litigated by the parties and decided in a prior case. See id. The elements of collateral estoppel are: (1) preclusion is asserted against one who was a party in the prior action; (2) the same issue was raised in the prior action; (3) the issue was resolved by a final judgment on the merits; (4) there was a full and fair opportunity to litigate the issue in the prior action; and (5) applying preclusion is fair. State v. Dann, 167 Vt. 119, 126 (1997).

The Plaintiffs ' response to the Wachovia *res judicata* and collateral estoppel arguments is that the forbearance agreement has no bearing on their asserted claims against Wachovia because Wachovia is not a party to the forbearance agreement. The Plaintiffs' contention that the forbearance agreement is not between Plaintiffs and Wachovia seems disingenuous, at best. The forbearance agreement is between the Plaintiffs and Interbay Funding, L.L.C., as "holder and servicing agent for the beneficiary of record." Stipulated Facts (doc. #27), Exhibit E. The Plaintiffs do not dispute that the "beneficiary of record" is Wachovia. As the mortgagee of record, Wachovia was a disclosed principal. Hence, the Plaintiffs, in contracting with Wachovia's designated agent, contracted with Wachovia for all intents and purposes. Vermont Marble Co. v. Mead, 85 Vt. 20, 23 (1911).

The purposes of both claim preclusion and issue preclusion are: (1) to conserve the resources of courts and litigants by protecting them against piecemeal or repetitive litigation; (2) to prevent vexatious litigation; (3) to promote the finality of judgments and encourage reliance on judicial decisions; and (4) to decrease the chances of inconsistent adjudication. Berlin Convalescent Ctr., 159 Vt. at 57.

### B. Compulsory Counterclaims

The Court will consider first Wachovia's arguments as to claim preclusion, or *res judicata*. Wachovia asserts that the Plaintiffs' claims about the validity of the Note and the Mortgage were compulsory counterclaims in the Foreclosure Action and because the Plaintiffs failed to assert them in the context of the Foreclosure Action, the Plaintiff's current claims are barred. We agree. We begin be observing that counterclaims are not compulsory under Vermont Rule of Civil Procedure 13(a) if "the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on [the] claim." V.R.C.P. 13(a). Pomfret Farms Ltd. v. Pomfret Assoc., 174 Vt. 280, 282 (2002). Moreover, a foreclosure is an action *in rem* which does not impose personal liability on a defendant. LaFarr v. Scribner, 150 Vt. 159, 160-61, (1988) (holding that the defendant in a foreclosure action was not barred from raising affirmative defenses in a subsequent suit on the underlying note). However, the Mortgage and the Note are distinct and, while the Mortgage does not impose any personal liability, personal

obligation is imposed by the Note. Id. at 161. Here, Wachovia filed a single action to both sue on the Note and foreclose the Mortgage. Thus, the Foreclosure Action did subject the Plaintiffs to personal liability. Consequently, the Court finds that any claims questioning the enforceability or validity of the Note and the Mortgage were compulsory counterclaims in the Foreclosure Action. See id.

The Plaintiffs have not disputed that the enforceability of the Note and Mortgage should have been litigated as compulsory counterclaims in the Foreclosure Action. Nor have they disputed that the validity of the Note and Mortgage were necessarily determined in the Foreclosure Action. The Plaintiffs' sole contention is that the Foreclosure Action Judgment, which was later vacated in connection with the forbearance agreement, has no preclusive effect.

### C. Preclusive Effect of the Foreclosure Action Judgment

One must analyze the reason a judgement was vacated in order to determine whether that vacated judgment has preclusive effect. Notwithstanding the Plaintiffs' contention to the contrary, Stone v. Williams, 970 F.2d 1043 (2d Cir 1992), cert. denied, 508 U.S. 906 (1993) and Harris Trust and Sav. v. John Hancock Mutual, 970 F.2d 1138 (2d Cir. 1992) support Wachovia's position that the preclusive effect of a judgment is not necessarily extinguished if the judgment is later vacated. In Stone v. Williams, the Second Circuit determined that a trial court judgment, later vacated on appeal, had no preclusive effect under either *res judicata* or collateral estoppel. 970 F.2d at 1054. A lower court's judgment, later reversed on appeal, cannot have preclusive effect. Id. The facts presented in the current case are clearly distinguishable. In this instance, there was no judicial determination that the Foreclosure Action Judgment had been entered in error, was reversed on the law, or was stricken because of improper findings. Rather, the judgment was voluntarily set aside by the parties, in accordance with an agreement by the parties to the action. The parties apparently determined that since they had reached a settlement it was preferable to reinstate the mortgage rather than enforce the judgment. This is a business judgment that in no way diminishes the accuracy or significance of the legal conclusions reached in the Foreclosure Action Judgment. Where a court has issued a judgment order that has not been timely appealed, the order retains its preclusive effect despite a later settlement by the parties. Johnston v. Wilkins, 175 Vt. 567, 571 (2003). The Foreclosure Action which initially appeared to have concluded with a foreclosure judgment ended up with a coda in the form of a forbearance agreement. That agreement, in essence, suspended the operation of the judgment in the Foreclosure Action, but it did not void the findings or conclusions therein.

In Harris Trust and Sav. v. John Hancock Mutual, the Second Circuit found that a judgment vacated by the settlement agreement of the parties had no collateral estoppel effect. However, unlike the instant case, the settlement agreement in Harris contained unequivocal language that "the judgment shall be of no force

or effect...for collateral estoppel or other preclusive purposes..." This was the critical fact in <u>Harris</u> upon which that court's rationale rests. The instant forbearance agreement contains no such language and the record reflects nothing to indicate that the parties intended to void the findings of the Foreclosure Action Judgment when they executed the forbearance agreement. Because the Foreclosure Action Judgment was vacated in connection with the parties' forbearance agreement, the preclusive effect of the judgment is not disturbed. The Plaintiffs' claims questioning the validity and enforceability of the Note and the Mortgage should have been litigated in the Foreclosure Action. Accordingly, the Court holds the Plaintiffs are barred under the doctrine of *res judicata* from asserting claims questioning the validity and enforceability of the Note and the Mortgage in the instant action and grants Wachovia's motion for summary judgment on this ground.

The Court finds that its holding comports with the rationale supporting the application doctrine of *res judicata* while also recognizing that the parties' forbearance agreement provided the impetus for Wachovia's motion to vacate the Foreclosure Action Judgment. Based upon the Court's findings and holding with respect to *res judicata*, the Court need not address Wachovia's argument that the Plaintiffs' claims are barred by collateral or judicial estoppel.

## II. THE PLAINTIFFS WAIVED THEIR ASSERTED CLAIMS.

Wachovia argues, alternatively, that the Plaintiffs waived their asserted claims by executing the forbearance agreement. The Plaintiffs respond that the forbearance agreement does not mention Wachovia, and therefore, the Plaintiffs did not waive their asserted claims against Wachovia. The Court finds the Plaintiffs' argument to be without merit and in direct contravention to the unambiguous terms of the forbearance agreement, which has been authenticated and stipulated to by the parties. As noted previously, Wachovia was a disclosed principal to the forbearance agreement. The Court finds that the Plaintiffs waived their asserted causes of action when they executed the forbearance agreement. The Court does not rely upon the release language contained in paragraph eight (8) of the forbearance agreement, as Wachovia urges because that provision only releases any claims the Plaintiffs may have against the "Servicer, its subsidiaries, affiliates, agents, officers and employees," and Wachovia is none of those. See <u>Stipulated Facts</u> (doc. #27) Exhibit E.

Rather, this Court relies on other, more general averments made in the forbearance agreement. In particular, the Plaintiffs' (1) acknowledgment of the debt owed to Wachovia in paragraph 1; (2) agreement to pay all payments due under the Note as revised in paragraph 2; and (3) agreement that the loan documents, including the Note, were in full force and effect according to their terms in paragraph 9. See <u>Stipulated Facts</u> (doc. #27) Exhibit E. Thus, the Plaintiffs' agreement to the terms of the forbearance agreement constitutes a waiver of their recently asserted claims that the Note and the Mortgage are unenforceable.

**CONCLUSION**

The Court finds that there is no genuine dispute as to any of the material facts and thus, that summary judgment is proper in this proceeding. The Court also finds that the Foreclosure Action Judgment retains its preclusive effect and bars the Plaintiffs, under the doctrine of *res judicata,* from contesting the validity of the Note and the Mortgage. The Court further finds that the Plaintiffs waived any claim they had as to the validity of the Note and the Mortgage when they executed the forbearance agreement. Therefore, Defendant Wachovia Bank, NA. is entitled to judgment as a matter of law. Accordingly, based upon the rationale set forth above, the Court grants summary judgment in favor of Defendant Wachovia Bank, NA. and dismisses the amended complaint as against this Defendant.

This memorandum constitutes the Court's findings of fact and conclusions of law.

November 1, 2004  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge